White, J.
The only question of law in this case relates to the charge of the court as to the rule of damages, and, in considering the practical application of the charge to the facts, it is to be noticed that the amount of the verdict does not exceed the sum collected by the receiver with interest from the time of collection.
The orders of attachment required the defendant, as sheriff, to attach the lands, tenements, goods, chattels, stocks, or interest in stocks, rights, credits, moneys, and effects of Goodwin, the defendant in the attachment suits, in the county.
The returns upon the orders of attachment were required to show what property had been attached in pursuance of the -orders.
In case of the appointment of a receiver the statute provides that he “ shall take possession of all notes, due bills, books of account, accounts, and all other evidences of debt that have been taken by the sheriff or other officer, as the *61 property of the defendant in attachment, and shall proceed' to settle and collect the same.”
Where a receiver is not appointed it is provided that “ the* sheriff or other officer attaching the property shall have all the powers and perform all the duties of a receiver.”
The defendant Woodborne, having returned upon the-orders of attachment that he had attached the books and accounts as the property of Goodwin, their delivery to and the collection of the accounts by the receiver followed as a legal consequence from the facts thus shown by his returns.
The plaintiff below was no party to the attachment suits,, and no order made or issued in these cases can be relied on to defeat or impair his rights for the wrongful seizure or conversion of his property.
It is unnecessary to consider what would have been the rule of damages if nothing more had been done than the taking of the books.
In this case the accounts were collected from the debtors,, and the collection is directly referable to the wrongful act of the defendant in taking and returning the accounts as the-property of the defendant in attachment. And it seems to us it does not lie with the defendant to say that the plaintiff' might still enforce the collection of the accounts against the debtors, nor that he should seek his remedy against the receiver, or the creditors to whom the money has been paid.
As to the claim that the verdict is against the evidence, it is sufficient to say, there have been two verdicts in favor of the plaintiff, and that from an examination of the evidence-we find no error in the refusal of the court on this ground to-grant a new trial.

Judgment affirmed.

Brinkeehoff, C.J., and Scott, Welch, and Day, JJ., con curred.